United States District Court
Eastern District of Michigan
Southern Division

United States of America,

Case No. 24-CR-20557

v.

Hon. Stephen J. Murphy

D-4 Christian Jamieson Smith,

Defendant.
/

# Plea Agreement

The United States of America and the defendant, Christian Jamieson Smith, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1. Count of Conviction

The defendant will plead guilty to Count 5 of the Indictment. Count 5 charges the defendant with false statement during the purchase of a firearm under 18 U.S.C. § 922(a)(6).

## 2. Statutory Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following maximum statutory penalties:

| | | |
|---|---|---|
| Count 5 | Term of imprisonment: | Maximum: 10 years |
| | Fine: | Maximum: $250,000 |
| | Term of supervised release: | Maximum: 3 years |

## 3. Agreement to Dismiss Remaining Charge

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss Count 1: conspiracy to make a false statement during the acquisition of a firearm.

## 4. Elements of Count of Conviction

The elements of Count 5 are:

1. First, Motor City Pawn Broker was a federally licensed firearms dealer.

2. Second, in connection with acquiring an FN, M249S, 5.56 caliber belt fed rifle, serial number: M249SA01938, on October 29, 2022, from Motor City Pawn Broker, the defendant made a false statement.
3. Third, the defendant knew the statement was false.
4. And fourth, the false statement was material; that is, the false statement had a natural tendency to influence the seller into believing that the firearm could be lawfully sold to the defendant.

**5. Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

Between on or about October 9, 2022, through October 29, 2022, Christian Smith agreed to purchase an FN, M249S, 5.56 caliber belt fed rifle for Prince Knowles. Smith allowed Knowles to use his email address and phone number for the purchase. Smith also agreed to pick up the rifle in his own name and then give it to Knowles. Knowles agreed to order the rifle, give Smith payment for the rifle in money orders and cashier's checks, and pay Smith $500.

On October 29, 2022, Smith went to Motor City Pawn Broker, a federally licensed firearms dealer in Ferndale, Michigan. Smith successfully acquired an FN, M249S, 5.56 caliber belt fed rifle, serial number: M249SA01938. During the transaction, knowing that he intended to give the rifle to Knowles, Smith completed ATF Form 4473 including signing and certifying that he was the transferee/buyer of the rifle. Smith obtained the rifle and gave it to Knowles the same day. Knowles paid Smith $500 in exchange for the rifle.

**6. Advice of Rights**

The defendant has read the indictment, has discussed the charge and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B. The right to a speedy and public trial by jury;

C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

F. The right to testify or not to testify at trial, whichever the defendant chooses;

G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I. The right to compel the attendance of witnesses at trial.

**7. Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded

the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense(s) to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

**C. Other Guideline Recommendations**

The parties have no other joint recommendations as to the defendant's guideline calculation.

**D. Factual Stipulations for Sentencing Purposes**

The parties have no additional factual agreements for sentencing purposes.

**E. Parties' Obligations**

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

**F. Not a Basis to Withdraw**

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the bottom of the defendant's guideline range as determined by the Court.

#### 2. No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if

the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a three-year term of supervised release.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

**D. Fines**

The parties have no agreement as to a fine.

**E. Restitution**

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant

]

agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

**F. Forfeiture**

The defendant agrees, under 18 U.S.C. § 924(d) and 28 U.S.C. § 2561(c), to forfeit any interest he may have in any firearms and ammunition involved in or used in the commission of this offense, including but not limited to: an FN, M249S, 5.56 caliber belt fed rifle, serial number: M249SA01938, and all related ammunition.

The defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following the defendant's guilty plea, upon application by the United States as mandated by Fed. R. Crim. P. 32.2. The defendant agrees that the forfeiture order will become final as to the defendant at the time entered by the Court.

The defendant expressly waives his right to have a jury determine the forfeitability of his interest in the above identified property as provided by Fed. R. Crim. P. 32.2(b)(5).

The defendant further waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Fed. R. Crim. P. 11(b)(1)(J).

The defendant further agrees to hold the United States, its agents, and employees, harmless from any claims whatsoever in connection with the seizure of forfeiture of the firearm and ammunition reference above.

The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described

forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

**G. Special Assessment**

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

**10. Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the top of the guideline range as determined by the Court.

**11. Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by

collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**12. Remedies for Withdrawal, Breach, Rejection, or Vacatur**

If the defendant is allowed to withdraw his guilty plea(s) or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charge against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charge or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charge or files any additional charges as permitted by this paragraph, the defendant

waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**13. Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**14. Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**15. Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made

by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**16. Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 2:00 PM on August 13, 2025. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Jerome F. Gorgon Jr.
United States Attorney

Craig Wininger
Chief, Violent and Major Crimes Unit
Assistant United States

Micah Wallace
Assistant United States Attorney

Dated: July 31, 2025.

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

Kathy L. Henry
Attorney for Defendant

Christian Jamieson Smith
Defendant

Dated: December 05, 2025